**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ABDUL-RAHMAN MATEEN SHABAZZ, <br><br> *Plaintiff*, <br><br> v. <br><br> STEPHEN S. CRAWFORD, MICHAEL CHO, and LEXXI MACK, <br><br> *Defendants*. | Civil Action No. 18-479 (JMV) (CLW) <br><br> **OPINON & ORDER** |
| ABDUL-RAHMAN MATEEN SHABAZZ, <br><br> *Plaintiff*, <br><br> v. <br><br> BRIAN T. STEVENS, <br><br> *Defendant*. | Civil Action No. 18-644 (JMV) (CLW) <br><br> **OPINON & ORDER** |
| ABDUL-RAHMAN MATEEN SHABAZZ, <br><br> *Plaintiff*, <br><br> v. <br><br> STEPHEN S. CRAWFORD, MICHAEL CHO, and LEXXI MACK, <br><br> *Defendants*. | Civil Action No. 18-509 (JMV) (CLW) <br><br> **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff seeks to bring these three actions *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1.[1] For the reasons discussed below, the Court **GRANTS** Plaintiff's applications to proceed *in forma pauperis* but the three Complaints are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted. Specifically, Plaintiff fails to plausibly plead a claim in any of the three Complaints filed.

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.[2]

However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6).

---

[1] Unless specified, all references to "D.E. 1" are to the Complaints filed on all three docket numbers.

[2] While Plaintiff did fill out the required *in forma pauperis* forms on Docket Nos. 18-479 and 18-509, the same paperwork is not included in the application on Docket No. 18-644. Instead, Docket No. 18-644 includes an affidavit of "Billy G. Asemani," identified as "the affiant/*pro se* plaintiff herein," and includes inmate account statements showing a fund balance of $0.00 for Billy G. Asemani. It is not clear to the Court if Plaintiff and Asemani are one in the same, as there is no explanation for the discrepancy.

*Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

The alleged facts and proposed causes of action are not entirely clear to the Court. It appears that Plaintiff is seeking monetary damages under a "claim of commercial lien" of his own design. *See* D.E. 1, documents titled "Affidavit of Obligation Claim of Commercial Lien." Plaintiff states in the "statement of claim" on all three Complaints that the Defendant is "in Default and Dishonor due to his acquiescence of the Private Administrative Procedure I have completed via Notary Protest." *See, e.g.*, D.E. 1, Docket No. 18-644, at pg. 4. Plaintiff mailed what he titles "NOTICE TO SETOFF ACCOUNTS, REQUEST REGARDING A STATEMENT OF ACCOUNT" to Defendant Brian Stevens, and Defendant Stephen S. Crawford. *See* D.E. 1. Plaintiff does specify dates that he sent these mailings, and several subsequent mailings he sent after receiving no response from Defendants, as well as his demand of several million dollars in damages from each of the named Defendants. However, the legal basis under which Plaintiff is proceeding is entirely unclear. The Court does not know why, legally, Defendants owe anything to Plaintiff.

"Federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332." *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[A] claim arises under federal law if federal law creates the cause of action." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 706 (2006) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). To establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy exceeding the statutory threshold. *Schneller ex rel Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010).

Here, the Complaints fail to set forth facts to support federal question jurisdiction. Plaintiff does not identify how any charge raises issues arising under federal law. The Complaint does not cite to any federal statute, and, even when viewing the Complaints liberally, the Court is unable to ascertain a plausibly pled violation of a federal right that would create federal question jurisdiction. In short, the nature of the causes of action pursued by Plaintiff are unclear, and thus, the Court is unable to ascertain whether the Complaints allege a violation of the Constitution or a federal statute.

The Complaints do appear to establish diversity jurisdiction. According to the Complaints, Plaintiff lives in New Jersey. The various Defendants live in Virginia and Michigan. Defendants in cases Docket. No. 18-479 and 18-509 are all Virginia citizens. The Defendant in Docket No. 18-644 is a citizen of Michigan. Thus, it appears there is diversity of citizenship in all three cases. *See* 28 U.S.C. § 1332 (stating that diversity of citizenship requires plaintiffs and defendants to be

citizens of different states). Plaintiff claims damages of $2,722,906 in the Complaint filed on Docket No. 18-644, $3,606,680 in the Complaint filed on Docket No. 18-479, and $8,618,688 in the Complaint filed on Docket No. 18-509. These damage amounts satisfy the $75,000 amount in controversy requirement of 28 U.S.C. §1332(a).

However, even construed liberally, the Court cannot determine any viable causes of action in the Complaints. The Complaints do not refer to any specific cause of action, other than on the Civil Cover Sheet "negotiable instrument" is checked as the type of case. Plaintiff purports to annex different documents to the Complaint and to show the various mailings he sent to Defendants, but no such documents are attached. Only the statement of claim for the Complaint on Docket No. 18-644 contains an indication as to what Plaintiff is describing; there he says the "Private Administrative Procedure" he instituted "stems from a presentment I made to the defendant for the balance of my wife's car buyout agreement." *See* D.E. 1, Docket No. 18-644 at pg. 4. Plaintiff then attempts to describe the debt, but then attributes the debt to Defendant, who purportedly works for Mercedes Benz, and then calculates the "commercial penalty" by using proverbs from the Bible.[3] Therefore, Plaintiff fails to plausibly plead any cause of action and his three Complaints are dismissed.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is

---

[3] Assuming that the alleged cause of action or actions relate to an automobile payment or "buyout" agreement, Plaintiff should also indicate in his amended complaints, if he files them, the basis he is using to calculate his alleged damages. It seems unlikely that a single "buyout" agreement for an automobile would result in damages totaling over $10 million.

5

undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile primarily because the Court cannot determine Plaintiff's claims. Therefore, the Court shall provide Plaintiff thirty (30) days to file an amended complaint[4] that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future suit against Defendant concerning the allegations in the complaint.

Accordingly, and for good cause shown,

**IT IS** on this 22nd day of March, 2018,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaints with the docket numbers Civ. No. 18-479, Civ. No. 18-644, and Civ. 18-509, are **DISMISSED** without prejudice, with leave to file an amended complaint within thirty (30) days from entry of this Order. If Plaintiff fails to file an Amended Complaint within 30 days of the entry of this Order, this Court will direct the Clerk of the Court to dismiss all three Complaints with prejudice; and it is further

---

[4] If Plaintiff does file an amended complaint which the Court finds sufficient, Defendants are not precluded from filing a motion to dismiss pursuant to Rule 12(b)(6). The Court's role at this stage is to perform a screening function. The Court's ruling does not prejudice Defendants from litigating the matter as they see fit.

**ORDERED** that the Clerk of the Court mail a copy of the Opinion and Order to Plaintiff by regular mail and by certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.