**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ABDUL-RAHMAN MATEEN SHABAZZ, <br><br> *Plaintiff*, <br><br> v. <br><br> STEPHEN S. CRAWFORD, MICHAEL CHO, and LEXXI MACK, <br><br> *Defendants*. | Civil Action No. 18-479 (JMV) (CLW) <br><br> **OPINON & ORDER** |
| ABDUL-RAHMAN MATEEN SHABAZZ, <br><br> *Plaintiff*, <br><br> v. <br><br> BRIAN T. STEVENS, <br><br> *Defendant*. | Civil Action No. 18-644 (JMV) (CLW) <br><br> **OPINON & ORDER** |
| ABDUL-RAHMAN MATEEN SHABAZZ, <br><br> *Plaintiff*, <br><br> v. <br><br> STEPHEN S. CRAWFORD, MICHAEL CHO, and LEXXI MACK, <br><br> *Defendants*. | Civil Action No. 18-509 (JMV) (CLW) <br><br> **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Abdul-Rahman Mateen Shabazz ("Plaintiff") filed a Complaint and an application to proceed *in forma pauperis* on January 12, 2018 under Docket No. 18-479. D.E. 1. The Court granted Plaintiff *in forma pauperis* status pursuant to 28 U.S.C. § 1915 but dismissed Plaintiff's Complaint (along with two others filed under docket numbers 18-644 and 18-509) without prejudice on March 22, 2018. D.E. 2. Plaintiff has now filed an Amended Complaint ("First Amended Complaint" or "FAC").[1] D.E. 5-1. Because Plaintiff is still proceeding *in forma pauperis*, the Court screens Plaintiff's FAC pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court now dismisses the First Amended Complaint with prejudice because Plaintiff fails to state a plausible claim for relief.

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the complaint and dismiss the action if it determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[1] Plaintiff indicated in his letter, D.E. 8, that he intends this Amended Complaint to serve as the Amended Complaint for all three cases, Docket Nos. 18-479, 18-644, and 18-509. Thus, this Opinion & Order applies to all three cases and will be posted on all three dockets.

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Plaintiff is proceeding *pro se*,[2] the Court construes Plaintiff's First Amended Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, 2010 WL 3719623, at *1 (D.N.J. Sep. 10, 2010).

As stated above, after screening Plaintiff's Complaint, the Court dismissed it (and, as noted, along with two others filed under docket numbers 18-644 and 18-509) without prejudice. The Court gave Plaintiff leave to file an amended complaint within thirty days addressing the deficiencies noted in the Court's Opinion & Order, D.E. 2, if he so chose. However, Plaintiff merely re-states the same allegations as those in the initial Complaint without providing any further basis or reasoning for the alleged violation of law or the damages requested. FAC at 2. Therefore, even construing the pleadings liberally, Plaintiff's FAC still fails to allege sufficient facts in support of the relief sought and does not assert a plausible claim.

In Plaintiff's initial Complaint, he alleged that Defendants were in default for a balance of three credit card debts. Although it was not entirely clear to the Court, it seemed as though Plaintiff sought monetary damages under a "claim of commercial lien" of his own design and creation. *See* D.E. 1, "Affidavit of Obligation Claim of Commercial Lien." Plaintiff also stated in the

---

[2] Plaintiff claims that he is not proceeding *pro se*, but that instead "[t]his litigation is 'In Propria Persona.'" D.E. 4 at 1. *In propria persona* is a Latin phrase, meaning "in one's own person." *Black's Law Dictionary* 912 (10th ed. 2014). It is also the equivalent of *pro se*. *Id.* Plaintiff also submits documents under the "Moorish National Republic" and indicates that he is "a living, breathing, natural born, free man on the soil Sui Juris[.]" D.E. 4 at 1. The Court is not clear as to what Plaintiff means by these declaration or what impact they have on his cases.

3

"Statement of Claim" in the initial Compliant here and the two other initial Complaints that the Defendant(s) were "in Default and Dishonor due to his acquiescence of the Private Administrative Procedure I have completed via Notary Protest." *See* D.E. 1 at pg. 4. Documents purportedly annexed to the initial Complaint showing various mailings Plaintiff sent to Defendants were not attached. Plaintiff then attempted to describe a debt by attributing it to Defendant Brian T. Stevens, who purportedly works for Mercedes Benz, and then calculated the "commercial penalty" by using proverbs from the Bible. Thus, Plaintiff failed to plausibly plead any cause of action and his three Complaints were dismissed without prejudice. D.E. 2.

In Plaintiff's FAC, Plaintiff does not provide a statement of claim but instead states, "See Attached Document." D.E. 5-1 at 4. Arguably, Plaintiff's submission at D.E. 4 can be construed as his statement of claim. Because Plaintiff is proceeding *pro se*, the Court will construe it as such. In Plaintiff's FAC, the Court believes Plaintiff is alleging violations of U.C.C. § 3-603, 18 U.S.C.A. § 1341 and 42 C.F.R. § 1001.1101. *See* D.E. 4 at pg. 2. However, the exhibits and documents annexed to Plaintiff's FAC still fail to provide sufficient facts to support a violation of any of the aforementioned statutes.

U.C.C. § 3-603(b) requires:

> "If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates."

Plaintiff alleges that Defendants failed to respond to any Notary Presentments/Affidavits, and instead continued to send bills to his domicile. D.E. 4; D.E. 4-2. Plaintiff attached his various bank statements with Capitol One as well as a "Payoff Statement" to his FAC, however these exhibits fail to provide sufficient facts to support the allegation that tender was made and refused.

4

*See* D.E. 4-2. Therefore, Plaintiff failed to provide enough facts to support that payment was tendered correctly, and Defendants refused to accept tender as required under U.C.C. § 3-603. More importantly, Plaintiff has not demonstrated that there is a private right of action under U.C.C. § 3-603 even if Plaintiff could sufficiently prove payment was tendered correctly and Defendant's refused to accept.[3] U.C.C. § 3-603; *see also Jones v. Wells Fargo Home Mortg.*, No. 4:13CV1762 CDP, 2014 WL 307055, at *3 (E.D. Mo. Jan. 28, 2014) (holding Plaintiff failed to state a claim under the U.C.C. as § 3-603 relates to the rights of endorsers and accommodation parties and therefore does not provide discharge of Plaintiff's debt obligations.)

Plaintiff's claim that Defendant violated 18 U.S.C. § 1341 similarly fails as Plaintiff did not provide enough factual support to establish the essential elements of the claim. The elements of an offense under 18 U.S.C. § 1341 are (1) the existence of a scheme to defraud; (2) the participation by the defendant in the particular scheme charged with the specific intent to defraud; and (3) the use of the United States mails in furtherance of the fraudulent scheme. *United States v. Hannigan*, 27 F.3d 890, 892 (3d Cir. 1994); *United States v. Burks*, 867 F.2d 795, 797 (3d Cir.1989). Plaintiff has not provided any factual support to demonstrate a scheme existed to defraud Plaintiff, or that Defendant specifically intended to defraud Plaintiff. The FAC merely asserts, "both Corporations conspired to commit fraud against me by sending billing statements and notices of defaults to my domicile soliciting fiat currency when Defendants were sent initial presentments citing HJR 192 Public Law 78-10 requesting proof that gold and silver were put back into circulation in the United States to back the US Dollar." *See* D.E. 4 at pg. 2. Plaintiff's FAC therefore provides legal conclusions without any factual support provided by the attached exhibits

---

[3] It is unclear to the Court whether Plaintiff is bringing a cause of action under the New Jersey Uniform Commercial Code. Plaintiff failed to indicate a cause of action under the U.C.C. and failed to demonstrate how this provision applies.

5

and documents. More importantly, Section 1341 is a criminal statute and does not independently provide Plaintiff with a private civil cause of action.

Lastly, Plaintiff alleges that Defendants and their agents violated 12 U.S.C. § 1831n(a), which governs the activities of insured banks and requires all federally-insured banks to follow General Accepted Accounting Principles (GAAP). Plaintiff adds that Defendants violated 42 C.F.R. § 1001.1101, which allows an entity to be excluded from participation in federally funded healthcare programs if the entity did not fully and accurately make disclosures. It is unclear to the Court why Plaintiff alleges a breach of 42 C.F.R. § 1001.1101. This provision permits the Office of Inspector General within the Department of Health and Human Services the authority to exclude individuals and entities from federally funded health care programs pursuant to section 1128 of the Social Security Act. The Plaintiff fails to demonstrate why this provision relates to his claim or the relief sought.

As to 12 U.S.C. § 1831n(a), Plaintiff fails to plead sufficient facts to demonstrate there was a violation of the statute. More importantly, Plaintiff has not demonstrated that there is a private right of action for a violation of this provision. Plaintiff provides documentation of his billing statements with Capitol One and various notices from agents of both corporations (Capitol One and Mercedes Benz) including "Notice of Default in Dishonor", "Certification of Non-Response", and "Affidavit of Specific Averment." D.E. 4-2. However, Plaintiff fails to demonstrate how these documents provide an adequate factual basis in support of the allegation that any Defendant violation Section 1831n(a).

Among other things, Plaintiff also indicates that (1) he is aware that "U.S. Bankruptcy is verified in Senate Report No. 93-549[,]"; (2) he is a "Sovereign Man" and "'Holder in Due Course' of Preferred Stock"; (3) he has been "estopped from using and has no access to 'lawful

constitutional money of exchange'"; and (4) he includes several references to federal reserve notes. D.E. 4 at 3-4. The Court is not sure what Plaintiff means by these statements or their relevance to his case.

In addition, the "Relief" section of Plaintiff's FAC merely re-alleges the exact same proposed relief described in the initial Complaint. *Id.* The various exhibits and documents attached to the FAC fail to provide sufficient factual support of each of Plaintiff's claims. Document 4 provides Plaintiff's "Affidavit of Fact." Document 4-1 provides Plaintiff's birth certificate as well as his various bank statements with Capitol One. Document 4-2 provides tax forms, "Notice of Default in Dishonor and Consent to Judgment", "Certification of Non-Response", "Affidavit of Specific Negative Averment", "Payoff Statement" and an "Odometer Disclosure Statement." Document 4-3 provides Plaintiff's "Affidavit of Beneficial Ownership," and various certified mail receipts. Some of the documents, such as those found at D.E. 4-1 at 5, 7, appear to be of Plaintiff's own creation rather than actual official documents.

Although Plaintiff attached these exhibits to his FAC, Plaintiff fails to assert any additional facts or cure any of the deficiencies of the initial Complaint. Plaintiff fails to establish how these documents prove a breach of any of the statutory provisions alleged. Therefore, the legal basis under which Plaintiff is proceeding is still unclear and the Court remains uncertain why Defendants owe Plaintiff anything.

Because the FAC fails to cure the deficiencies noted previously by the Court, because the FAC also repeats allegations which the Court already found to be deficient, because the Court still cannot discern what precisely Plaintiff is claiming, and because Plaintiff appears to be creating his own documents which he thinks are official, the Court finds that any further amendments would be futile. For the above reasons, and for good cause shown,

**IT IS** on this 10th day of July, 2018,

**ORDERED** that Plaintiff's First Amended Complaint in Docket No. 18-479, D.E. 5-1, is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Plaintiff's Complaints on Docket Nos. 18-644 and 18-509 (as amended by the Amended Complaint reviewed herein) are similarly **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that a copy of this Opinion & Order shall be mailed to Plaintiff via certified mail return receipt; and it is further

**ORDERED** that the Clerk of the Court shall close this case.

John Michael Vazquez, U.S.D.J.